## No. 574
## O'CONNOR v. CINCINNATI
Ohio Appeals, First District, Hamilton County
No. 2171. Decided June 18, 1923

LATERAL SUPPORT—Effect of city's removal of lateral support of private premises.

HAMILTON, J.

### Epitomized Opinion

Action to enjoin city from collecting assessment against private premises to help pay cost of street improvement. A narrow street was widened and paved. It required a vertical cut of about nine feet in front of O'Connor's premises. This removed the lateral support, resulting in a slipping of the land and causing damage to tht house. O'Connor insisted that the assessment exceeded the benefits conferred and that it was in violation of the federal and state constitutions. In enjoining the collection of the assessment until the question of compensation is determined and paid, the Court of Appeals held:

1. As to the assessment exceeding the benefits conferred the facts are within 10 OAR. 280 and no relief will be granted on this ground.

2. By Art. I, Sec. 19, of Ohio Con., private propty may not be taken for public use unless compensation is first made in money. The removal of the lateral support which caused the slipping of the land is a taking of private property for public use and compensation must first be made, 67 OS. 264. It was the duty of the city to proceed by way of condemnation, ascertain the value of the property taken and make compensation therefor.

Attorneys—J. C. Healy and A. L. Herrlinger, for O'Connor; S. Zielonka and F. K. Bowman, for Cincinnati.

## No. 575
## MORGAN v. HOUSEWORTH
Ohio Appeals, First District, Hamilton County
Nos. 2237 and 2238. Decided June 18, 1923

PARTITION—Effect of trust agreement on right to partition.

HAMILTON, J.

### Epitomized Opinion

Courts brought an action against Morgan in Hamilton Common Pleas for partition. Houseworth filed an answer and cross-petition claiming rights under the will of his former wife, Lizzie, and asking partition. Courts died after bringing action and the question of partition arises on Houseworth's answer and cross-petition. Morgan, his sister, Lizzie Houseworth, and their mother, Jane Morgan, entered into an agreement whereby Jane Morgan transferred her property to her son, to manage it and pay the income to the mother during her life; or sell it if he thought best, invest proceeds, and pay Jane Morgan the income thereof; and at the death of their mother, account to his sister for one-half the property. When the mother died the property had not been sold. Morgan claimed the right to sell the property and distribute the proceeds. Houseworth claimed the trust agreement was to manage the property during the mother's life time and terminated at her death. The trial court held the trust terminated upon the mother's death and granted partition. In affirming the judgment the Court of Appeals held:

1. The trust agreement was for the purpose of managing the porperty during Jane Morgan's life and terminated at her death, as there is nothing to indicate that the trust should continue, except as to division of proceeds of any property sold.

2. An agreement must be construed as a whole and the intention of the parties gleaned therefrom if possible.

Attorneys—Hicks & Hicks and J. Q. Martin, for Morgan; W. H. Pugh, for Houseworth.

## No. 576
## SCHERMAN v. ALLARD
Ohio Appearls, First District, Hamilton County
No. 2178. Decided June 18, 1923

NEGLIGENCE—(1) Liability of landlord to injured person for defective condition of premises.

HAMILTON, J.

### Epitomized Opinion

This is an action for personal injuries to Doretta Scherman, a minor, five years of age. Defendant had constructed or suffered to remain in the sidewalk abutting his premises a deep hole, 10 or 12 feet deep, and about 43 inches wide. Said hole or areaway was located entirely within the limits of the public sidewalk. Adjacent to this areaway the defendant constructed a small porch and steps in front of his premises, which porch and steps were used by people in going to and from the premises. The plaintiff, a minor, while holding on to a railing which extended around the side of the porch and areaway fell into this hole and was seriously injured. Evidence was introduced showing that the railing was rotten, defective, and insecurely fastened, and that it was inadequate to prevent children from falling into the hole beneath. It also appeared that the defendant owner had rented the premises to two different persons, one of whom occupied the first floor, the other the second. At the close of plaintiff's evidence the defendant moved for a directed verdict, which was granted. Thereupon plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. The owner of premises who leases them when there is a defect in the original construction is liable to a third person for injuries received while a tenant is in possession, if the proximate cause of the accident was the defect existing at the time of the demise of the premises.

Attorneys—Alcorn & Alcorn, for Scherman; Bert H. Long, for Allard.

## No. 577
## SARGENT et al v. CINCINNATI et al
Ohio Appeals, First District, Hamilton County
No. 2197. Decided June 18, 1923

APPROPRIATION OF PROPERTY—(1) Municipality may appropriate the fee to property which it formerly acquired under a perpetual lease.

CUSHING, J.

### Epitomized Opinion

Sargent and others brought an action to enjoin the City of Cincinnati from appropriating the fee in certain property. In 1896 the city leased the property in question for 99 years, renewable forever. The lease provided for an annual payment of rent. In 1921 the Council passed a resolution appropriating the fee simple title to said property for waterworks purposes. At the time of the lease the city had no authority to acquire a fee simple title, but such authority was later conferred upon the municipality statute. In accordance therewith appropriation proceedings were started to assess compensation. Thereupon this injunction was filed. The city filed a demurrer, which was sustained. An appeal was then taken to the Court of Appeals. In sustaining the demurrer the Court of Appeals held:

1. A municipal corporation may again appropriate property which it has already acquired a perpetual lease therein, in order to perfect in it a title in fee simple absolute to such previously acquired real estate.

Attorneys—Mallon & Vordenberg, for Sargent et al; Saul Zielonka and Dennis Ryan, for Cincinnati et al.